UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH MURPHY-DALIGGA,

    Plaintiff,                                     Hon. Wendell A. Miles

v.                                                       Case No. 1:02-cv-242

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

This matter is before the Court on <u>Defendant's Motion to Alter or Amend Judgment</u>. (Dkt. #20). For the reasons articulated below, the Court **denies** Defendant's motion.

In a decision dated September 24, 2003, the Court determined that the Commissioner's decision was not supported by substantial evidence and, furthermore, that there existed compelling evidence of Plaintiff's disability. (Dkt. #12). Accordingly, this matter was remanded to the Commissioner for an award of benefits. Plaintiff's counsel subsequently submitted a request to obtain $15,503.24 in fees and costs pursuant to the contingent fee arrangement into which he and Plaintiff entered. (Dkt. #15). According to this fee arrangement:

> If it becomes necessary to appeal the determination of the Secretary to the Federal District Court, then the parties understand and agree that the fee shall be 25 percent of all past due benefits <u>without limitation</u>, save the requirement for approval of the fee by the appropriate body, as required by law.

Defendant did not respond to counsel's motion, allegedly because she was never properly served with a copy of counsel's motion. Finding counsel's request reasonable under the circumstances, the Court granted counsel's motion. (Dkt. #18). Defendant now seeks to alter or amend this determination pursuant to Federal Rule of Civil Procedure 59(e).

First, the Court is not persuaded by Defendant's assertion that it was unaware of counsel's request for fees and costs. Counsel submitted his initial request for fees and costs on October 12, 2004. (Dkt. #13). Counsel later amended this request in a pleading filed on January 6, 2005. (Dkt. #15). Defendant acknowledges receiving a copy of Plaintiff's initial request for fees and costs, but asserts that she never received a copy of counsel's amended request. The proofs of service filed with counsel's initial and amended motion suggest that Defendant was properly served with both motions. (Dkt. #14, 16). Moreover, even assuming that Defendant did not receive a copy of Plaintiff's *amended* motion, such does not explain Defendant's failure to respond to counsel's *initial* request for fees and costs, a motion which she admits receiving. Nonetheless, counsel's motion was not granted because Defendant failed to respond thereto, but because such was reasonable and appropriate.

The Social Security Act provides that "whenever a court renders a judgment favorable to a claimant...who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Past-due benefits are defined as "the total amount of benefits payable. . .because of a favorable administrative or judicial determination or decision, up to but not including the month the determination or decision is made." 20 C.F.R. § 404.1703.

In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Court examined the relationship between the reasonableness language of § 406 and contingent fee agreements such as that at issue presently. In this respect, the Court concluded that § 406

> does not displace contingent-fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Id.* at 807 (internal citations omitted).

The Sixth Circuit has held that "deductions for large fees are permissible under only two circumstances": (1) counsel has engaged in improper conduct or rendered ineffective assistance, and (2) situations in which counsel would "otherwise enjoy a windfall *because of either an inordinately large benefit award or from minimal effort expended.*" *Hayes v. Secretary of Health and Human Services*, 923 F.2d 418, 420-21 (6th Cir. 1990) (citation omitted). Absent such circumstances, "an agreement for a 25% fee, the maximum permitted under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), is presumed reasonable." *Id.* at 421. Defendant does not assert that counsel acted improperly or rendered ineffective assistance. Instead, Defendant asserts that counsel's request is unreasonable because it reflects an inordinately large award in light of the minimal amount of effort expended.

Defendant asserts that counsel only expended 17.25 hours on this matter, which when divided by the $15,503.24 awarded in fees and costs, results in an hourly rate of $898.74. The premise of Defendant's argument, however, is faulty. Defendant is correct that counsel expended 17.25 hours on this matter in this Court. However, counsel also expended an additional 14 hours before the

Commission prior to initiating action in this Court. While the Court cannot award fees for work performed before the Commissioner, the Court may consider the entire amount of time expended representing the claimant as "an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement." *Gisbrecht*, 535 U.S. at 808; *see also*, *Henshaw v. Barnhart*, 317 F.Supp.2d 657, 661 (W.D. Va. 2004) ("the entire time and effort spent by an attorney working on an individual claim, including that before the agency, may be taken into account when evaluating the reasonableness of a contingency fee arrangement").

When thus evaluated, the award in this matter corresponds to a hypothetical fee of $496 per hour worked by counsel. While this still represents a substantial amount, courts have found reasonable contingency fee arrangements which resulted in similar awards. *See, e.g., Maier v. Apfel*, 1998 WL 401536 at *1-3 (S.D.N.Y., July 17, 1998) (court found reasonable a contingent fee agreement resulting in an award corresponding to a hypothetical fee of $438 per hour); *Hussar-Nelson v. Barnhart*, 2002 WL 31664488 at *1-3 (N.D. Ill, Nov. 22, 2002) (court approved contingent fee award in excess of $19,000). It must also be remembered that "attorneys who take cases on contingency, thus deferring payment of their fees until the case has ended and taking upon themselves the risk that they will receive no payment at all, generally receive far more in winning cases than they would if they charged an hourly rate." *Coppett v. Barnhart*, 242 F.Supp.2d 1380, 1385 (S.D. Ga. 2002) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 448-49 (Burger, J., concurring)).

While Plaintiff's claim may not have presented any novel legal issues, counsel was nonetheless required to thoroughly review the record, identify the alleged errors in the ALJ's decision, identify the relevant authority, and articulate how such authority qualified Plaintiff for relief. Counsel's brief in this matter was thorough, yet succinct, and unlike so many briefs presented to the Court

advocated only those claims reasonably supported by the evidence. In sum, while counsel may not have expended an excessive amount of time on this matter, his efforts were successful in obtaining benefits for Plaintiff in a case where success was less than certain. In achieving a successful outcome, counsel was undoubtedly aided by his experience as an advocate for social security claimants. As courts have recognized, "an experienced attorney should not be penalized for his efficiency." *Coppett*, 242 F.Supp.2d at 1385.

Finally, disability claimants deserve to be represented by effective and experienced counsel, however, such attorneys are much less likely to accept such representations if they fear having the legally binding fee agreements into which they enter with their clients unreasonably voided by the courts. As discussed herein, counsel's fee request is neither inordinately large nor resulted from minimal effort expended. To the contrary, counsel's request is reasonable under the circumstances. Accordingly, Defendant's motion is **denied**.

IT IS SO ORDERED.

Date: <u>August 15, 2005</u>                                          <u>/s/ Wendell A. Miles</u>
                                                                                    Wendell A. Miles
                                                                                    Senior U.S. District Judge